## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                    Plaintiff,                        Civil Action No.:
                                                          Honorable:

v.

                                                          COMPLAINT AND JURY
                                                          TRIAL DEMAND

THE SALVATION ARMY,

                    Defendant.

_____/

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to the Charging Party. As alleged with greater particularity in paragraph 13 below, the Equal Employment Opportunity Commission ("the Commission") alleges that The Salvation Army ("Defendant Employer") violated the ADA by terminating the Charging Party's employment because of his

disabilities and because Defendant regarded the Charging Party as having a disability.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan.

## PARTIES

3.      Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, The Salvation Army (the "Defendant Employer"), has continuously been doing business in the State of Michigan and the City of Ann Arbor, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6.      At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, the Charging Party filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8.      On February 10, 2022, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      The Commission engaged in communication with Defendant Employer to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.    The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11.    On May 5, 2022, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.    All conditions precedent to the institution of this lawsuit have been fulfilled.

### STATEMENT OF CLAIMS

13.    On or about May 16, 2019, Defendant Employer engaged in unlawful employment practices at its Ann Arbor, Michigan facility (Family Store and Donation Center), in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a). Defendant violated the ADA by terminating the Charging Party's employment because of his disabilities and because Defendant regarded the Charging Party as disabled.

a.    The Charging Party is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). The Charging Party has been diagnosed with scoliosis, Asperger's Syndrome, bipolar disorder, anxiety/depression, dyspraxia (developmental coordination disorder), and dyskinesia (involuntary movements of face and extremities), all of which substantially limit major life activities. The

Charging Party is substantially limited in walking, brain function, and neurological function.

b.      On July 2, 2018, with the assistance of an employment coordinator with Michigan Ability Partners (MAP), the Charging Party interviewed with Defendant for a cashier position at Defendant's store in Ann Arbor, Michigan. Defendant's manager was advised of the Charging Party's disabilities and need for a job coach.

c.      On or about July 17, 2018, the Charging Party began working at Defendant Employer's Ann Arbor store and received coaching from a MAP job coach during the 90-day probationary period of his employment.

d.      On or about December 1, 2018 a new manager was assigned to Defendant's Ann Arbor store. Shortly thereafter, the new manger demonstrated animus toward the Charging Party because of the visible manifestations of his disabilities. Specifically, the manager repeatedly chastised the Charging Party for his tics and involuntary movements (such as touching his face and rubbing his shirt), despite having knowledge of the Charging Party's disabilities.

c.      The manager also treated the Charging Party unfavorably by not allowing additional job coaching for the Charging Party, disciplining the

Charging Party for minor mistakes, and behaving aggressively toward the Charging Party while a customer was present.

      d.    Around the beginning of May 2019, Defendant hired 2 to 4 new cashiers. At that time, the manager began sending the Charging Party home early and telling him that there were "too many cashiers."

      e.    On or about May 16, 2019, the Charging Party accidentally dropped a drinking glass that was priced at one dollar. The same day, Defendant terminated the Charging Party's employment.

      f.    Defendant discharged the Charging Party because of his disabilities and his impairments.

14.    The effect of the practices complained of in paragraph 13 above has been to deprive the Charging Party of equal employment opportunities and otherwise adversely affect his status as an employee because of his disabilities.

15.    The unlawful employment practices complained of in paragraphs 13 above were intentional.

16.    The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of the Charging Party.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from terminating employees on the basis of disability.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to make whole the Charging Party, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial.

F.      Order Defendant Employer to make whole the Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above, in amounts to be determined at trial.

G.      Order Defendant Employer to make whole the Charging Party by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 13 above, including emotional pain, distress, suffering, inconvenience, anxiety, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H.    Order Defendant Employer to pay the Charging Party punitive damages for its malicious and reckless conduct, as described in paragraph 13 above, in amounts to be determined at trial.

I.    Grant such further relief as the Court deems necessary and proper in the public interest.

J.    Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

/s/ Miles L. Uhlar
MILES L. UHLAR (P65008)
Trial Attorney
Detroit Field Office
477 Michigan Ave., Room 865
Detroit, MI 48226
(313) 774-0015
miles.uhlar@eeoc.gov

Dated: August 23, 2022